UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   18-30001 |
| | ) | |
| ABDU SALEH MOHAMED, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION UNDER 28 U.S.C. § 2255**

The United States of America, by its attorneys, Douglas J. Quivey, Acting United States Attorney for the Central District of Illinois, and Timothy A. Bass, Assistant United States Attorney, respectfully submits its response in opposition to the defendant's motion under 28 U.S.C. § 2255. The government states the following:

**I. Background/Procedural History**

On January 3, 2018, the defendant, Abdu Saleh Mohamed, was charged in an indictment with possession of a controlled substance with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 1), possession of a controlled substance analogue with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 2), and conspiracy to distribute controlled substances

and controlled substance analogues, in violation of 21 U.S.C. §§ 846, 841(a)(1), 813 and 841(b)(1)(C) (Count 3). (R.7)[1] The defendant later retained private counsel to represent him. (R.19)

On September 5, 2019, the defendant pleaded guilty to Count 3 of the indictment pursuant to a plea agreement with the government. (R.30; R.33; d/e 9/5/19) The plea agreement (negotiated by the defendant's retained counsel) provided that in exchange for the defendant's plea to Count 3, the government agreed to dismiss Counts 1 and 2 and to recommend a sentence at the low end of the applicable Sentencing Guidelines range. (R.30 at 2-11) In addition to the defendant stipulating to the facts of the offense, the defendant expressly stated that:

> I am entering into this agreement voluntarily and of my own free will in order to gain the benefit of the promises made by the United States. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this agreement about my criminal conduct are true . . .
>
> No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, express or implied, to influence me to plead guilty other than those stated in this written plea agreement nor am I under the influence of anything that could impede my ability to understand fully this Plea Agreement.
>
> I am satisfied with the legal services provided by my attorney in connection with this case, this Plea Agreement and matters related to it. I further understand that by signing below I am stating I agree with everything stated in this

---

[1] Citations are to the record in this Court's docket sheet for this case; references to the presentence report are to "PSR __."

section of the Plea Agreement and I am accepting and entering into this Plea Agreement in its entirety.

(R.30 at 21-22)

The defendant confirmed these statements to the Court at his plea hearing. (d/e 9/5/19 (recording of plea hearing)); (R.33) After questioning the defendant under oath pursuant to Fed.R.Crim.P. 11, the Court concluded that the plea was knowing and voluntary, and that the defendant understood the charges against him and voluntarily entered into the plea agreement. (d/e 9/5/19 (recording of plea hearing)); (R.33)

At sentencing, the parties agreed that the defendant's advisory Sentencing Guidelines range was 70 to 87 months of imprisonment. (PSR ¶ 69; R.50; R.42) The defendant recommended that the Court impose a below-Guidelines sentence due to his family ties and responsibilities. (R.42) This Court sentenced him to 36 months of imprisonment (34 months below the low end of the Guidelines range) and 3 years of supervised release. (R.48)

On April 21, 2021, the defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582. (R.51) This Court denied that motion due to his failure to exhaust his administrative remedies. (d/e 4/28/21)

On June 7, 2021, the defendant filed the instant motion under 28 U.S.C. § 2255, alleging only ineffective assistance of counsel.

3

## II. Applicable Law

A § 2255 motion to vacate, set aside or correct a sentence may be brought by a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. It is well settled, however, that a § 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal." *Daniels v. United States*, 26 F.3d 706, 711 (7th Cir. 1994). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

A claim of ineffective assistance of counsel is appropriate to bring in a § 2255 motion. To prevail on such a claim, however, a defendant must show that his attorney's performance was objectively unreasonable and that such performance prejudiced the defendant. *See, e.g., Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Galowski v. Berge*, 78 F.3d 1176, 1180 (7th Cir. 1996). A petitioner "must overcome the presumption that, under the

circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. A petitioner will prevail only by demonstrating a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In addition, "when a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States,* 137 S.Ct. 1958, 1965 (2017). "Surmounting *Strickland's* high bar is never an easy task, . . . and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." *Id.* at 1967. "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Id.* "Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.*

Finally, "[a]n evidentiary hearing on a § 2255 motion is not mandatory." *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996); *see Daniels v. United States*, 54 F.3d 290, 293 (7th Cir. 1995). An evidentiary hearing may be denied if "the record conclusively

demonstrates that the defendant is entitled to no relief." *Prewitt*, 83 F.3d at 820. "[I]t is the rule of [this circuit, however,] that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner ha[s] actual proof of the allegations going beyond mere unsupported assertions." *Prewitt*, 83 F.3d at 819 (emphasis added). "Mere unsupported allegations cannot sustain a petitioner's request for a hearing." *Id.*; *see also Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (quoting *Prewitt*). "A petition under [§] 2255 must set forth facts as distinguished from mere conclusion." *United States v. Mathison*, 256 F.2d 803, 805 (7th Cir. 1958). "A petitioner's allegation supported only by his own assertions [is] not sufficient." Id.; *see also Humphrey v. United States*, 896 F.2d 1066, 1070 (7th Cir. 1990) ("mere unsupported allegations do not warrant a hearing."); *United States v. Lowe*, 367 F.2d 44, 45-46 (7th Cir. 1966) (§ 2255 petition found deficient because it "does not show that [petitioner] has proof sufficient . . .").

### III. Analysis

In this case, the defendant alleges only that he received ineffective assistance of counsel concerning his guilty plea. Specifically, he argues that his counsel ineffectively: (1) failed to inform him of the relevant

6

circumstances and likely consequences of pleading guilty, as opposed to proceeding to trial; (2) failed to file any substantive pre-trial motions; (3) failed to conduct an adequate and independent pre-trial investigation; (4) failed to attempt to negotiate a favorable plea agreement; and (5) failed to file a notice of appeal. The defendant, however, provides no support for any of these claims, not even his own affidavit. Mere speculation does not warrant an evidentiary hearing, since a defendant must file a detailed and specific affidavit showing "the petitioner has actual proof of his allegations beyond mere unsupported assertions." *Kafo*, 467 F.3d at 1067. It is well-established that the affidavit is "a threshold requirement; its absence precludes the necessity of a hearing." *Id.* Similarly, [a]n ineffective assistance of counsel claim cannot stand on a blank record, peppered with the defendant's own unsupported allegations of misconduct." *United States v. Hodges*, 259 F.3d 655, 660 (7th Cir. 2001); *see also United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority are waived (even where those arguments raise constitutional issues).").

Moreover, the defendant's unsupported claims are directly contradicted by his own statements in his plea agreement and to the Court at the plea hearing. Despite several opportunities to do so, he did

not object to the plea agreement, did not inform the Court he was dissatisfied with his attorney, and did not assert that he was being coerced. Rather, he stated that he was pleading guilty of his own free will, having understood the offense to which he was pleading guilty and the potential sentencing, and that he was fully satisfied with his attorney's assistance. The defendant's statements to the Court are given a "strong presumption of verity," *United States v. Silva*, 122 F.3d 412, 415 (7th Cir. 1997) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)), because "when the judge credits the defendant's statements in open court, the game is over." *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). "[A] defendant has no chance of success on appeal when the judge elects to treat freely given sworn statements as conclusive. Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *Id.* That is precisely what the defendant is attempting to do here. His unsupported motion is therefore without merit.

Accordingly, the government respectfully requests that the defendant's motion be denied.

Respectfully submitted,

DOUGLAS J. QUIVEY
ACTING UNITED STATES ATTORNEY

BY: *s/Timothy A. Bass*
Timothy A. Bass, Bar No. MO 45344
Assistant United States Attorney
318 South Sixth Street
Springfield, IL 62701
Phone: (217) 492-4450
tim.bass@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and on July 15, 2021, mailed a copy to:

Abdu Saleh Mohamed
#22263-026
USP Thomson
P.O. Box 1002
Thomson, IL 61285

*s/Timothy A. Bass*
Timothy A. Bass, Bar No. MO 45344
Assistant United States Attorney
318 South Sixth Street
Springfield, IL 62701
Phone: (217) 492-4450
tim.bass@usdoj.gov