E-FILED
Tuesday, 24 August, 2021 12:31:47 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **ABDU SALEH MOHAMED,** | ) | |
| | ) | |
| **Petitioner-Defendant,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 18-cr-30001** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent-Plaintiff,** | ) | |
| | ) | |

**ORDER AND OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Petitioner-Defendant Abdu Saleh Mohamed's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 52). Mr. Mohamed alleges that he received ineffective assistance of counsel and would have received a lower sentence if counsel had been effective. For the reasons below, the Court DENIES Mr. Mohamed's § 2255 Motion (d/e 52).

## I. BACKGROUND

On January 3, 2018, a grand jury charged Mr. Mohamed with knowingly and intentionally possessing a controlled substance with

the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count One); knowingly and intentionally possessing a controlled substance analogue with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Two); and knowingly and intentionally conspiring to distribute controlled substances and controlled substance analogues, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C) (Count Three). See Indictment, d/e 7. On September 5, 2019, Mr. Mohamed pled guilty to Count Three of the Indictment pursuant to a written plea agreement. See September 5, 2019 Minute Entry; Plea agreement (d/e 30). In the plea agreement, Mr. Mohamed waived his right to appeal and/or collaterally attack his conviction and sentence, other than claims of ineffective assistance of counsel.

Prior to sentencing, the United States Probation Office prepared a revised Presentence Investigation Report (PSR). See PSR (d/e 36). The PSR determined that Mr. Mohamed had a total offense level of 27 and a criminal history category of I, resulting in an advisory Sentencing Guidelines imprisonment range of 70 to 87 months' imprisonment. PSR ¶ 69. At the sentencing hearing on July 20, 2020, the Court sentenced Mr. Mohamed to a below

guidelines sentence of 36 months' imprisonment, followed by a three year term of supervised release. Judgment (d/e 48). Mr. Mohamed did not appeal.

On June 7, 2021, Mr. Mohamed filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 52), along with a Memorandum in Support (d/e 53). He argues he received ineffective assistance of counsel due to defense counsel's pretrial conduct and his failure to file a notice of appeal. The Government filed its response in opposition on July 14, 2021 (d/e 57). Mr. Mohamed's reply was due on or before August 4, 2021, but he has not filed a reply.

## II. LEGAL STANDARD

Mr. Mohamed is proceeding on a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Relief under § 2255 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007). Post-conviction relief under § 2255 is "appropriate for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice."

Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation marks omitted).

## III. DISCUSSION

Here, Mr. Mohamed has alleged multiple errors by his trial counsel during the plea-bargaining process that, he contends, amount to ineffective assistance of counsel. He also argues counsel was ineffective for failing to file a notice of appeal. The Sixth Amendment guarantees criminal defendants effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 684-86 (1984). Under Strickland's two-part test, a petitioner must show both that his attorney's performance was deficient and that he was prejudiced as a result. Vinyard v. United States, 804 F.3d 1218, 1225 (7th Cir. 2015). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 690. A petitioner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. However, absent a sufficient showing of both cause and prejudice, a petitioner's claim must

fail. United States v. Delgado, 936 F.2d 303, 311 (7th Cir. 1991). Therefore, the Court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697.

**A. Mr. Mohamed Has Not Alleged Sufficient Facts to Show that His Counsel Was Ineffective During the Plea-Bargaining Process.**

Mr. Mohamed alleges four general errors he believes his trial counsel made during the plea bargaining process: (1) counsel failed to inform Mr. Mohamed of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial; (2) counsel failed to file any substantive pretrial motions; (3) counsel failed to conduct an independent pretrial investigation; and (4) counsel failed to attempt to negotiate a favorable plea agreement.

The Sixth Amendment right to counsel extends to the plea-bargaining process. Bridges v. United States, 991 F.3d 793, 803 (7th Cir. 2021). "In the plea bargaining context, a reasonably competent lawyer must attempt to learn all of the relevant facts of the case, make an estimate of the likely sentence, and communicate

the results of that analysis to the client before allowing the client to plead guilty." Brock-Miller v. United States, 887 F.3d 298, 308 (7th Cir. 2018). Mistakes, nor omissions, in an attorney's advice do not necessarily constitute ineffective assistance of counsel. Galbraith v. United States, 313 F.3d 1001, 1009 (7th Cir. 2002). "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366 (1970); see also, Perrone v. United States, 889 F.3d 898, 908 (7th Cir.), cert. denied, 139 S. Ct. 654 (2018).

Here, Mr. Mohamed has not met his burden to show prejudice. He has not argued that he would have proceeded to trial, let alone why that would have been a rational decision. Instead, he believes a more rigorous pre-trial investigation may have led to a lighter sentence. However, a "bald assertion" that the Court would have given him a lighter sentence "does not satisfy the ineffective assistance standard of reasonable probability." Resnick v. United States, No. 20-1221, 2021 WL 3362000, at *4 (7th Cir. Aug. 3, 2021). Accordingly, the Court finds that he has not shown

prejudice for any failures of counsel during the plea-bargaining process.

Moreover, the Court finds that Mr. Mohamed has not alleged sufficient facts to show that his counsel's performance was deficient. "Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived." Mahffey v. Ramos, 588 F.3d 1142, 1146 (7th Cir. 2009). Mr. Mohamed first argues that counsel failed to inform him of the relevant circumstances and likely consequences of pleading guilty. He does not say what circumstances he was uninformed of or how they would have impacted his decision to plead guilty. Accordingly, Mr. Mohamed has not stated sufficient facts for the Court to find his counsel's pre-plea advice deficient.

Next, Mr. Mohamed claims that counsel's conduct was deficient for failing to file any substantive pretrial motions. Mr. Mohamed has not elaborated on what pretrial motions he believes should have been filed but, instead, just highlights that no substantive pretrial motions were filed. This argument is not sufficient to allege ineffective assistance of counsel. For example, to succeed on an argument that defense counsel failed to file a motion

to suppress, a defendant must show that "there was both a reasonable probability that he would have prevailed on the motion to suppress and a reasonable probability that, if [the evidence] were suppressed, he would have been acquitted." Bynum v. Lemmon, 560 F.3d 678, 685 (7th Cir. 2009) (citing Strickland, 466 U.S. at 694); Hicks v. Hepp, 871 F.3d 513, 526 (7th Cir. 2017). The Court cannot find that counsel's conduct was deficient for failing to file pretrial motions without a showing that counsel failed to file a motion that may have been meritorious and impacted the outcome of the case. See also Resnick, 2021 WL 3362000, at *5 ("As we have held, counsel does not need to raise meritless arguments") (citing Long v. United States, 847 F.3d 916, 920 (7th Cir. 2017)). Moreover, Mr. Mohamed has not shown any prejudice because he has not alleged or shown that any pretrial motions would have changed the outcome of the case.

Next, Mr. Mohamed argues that defense counsel failed to conduct an independent pretrial investigation and instead relied on the discovery from the Government to evaluate Mr. Mohamed's case. Mr. Mohamed argues that had the Government's case been put to the "adversarial test," Mr. Mohamed would have received a

significantly less harsh sentence. Again, Mr. Mohamed has not alleged what an "independent" investigation would have produced or what flaws there were in the discovery tendered by the Government. Therefore, again, the Court cannot find counsel's conduct deficient.

Mr. Mohamed also argues that defense counsel failed to attempt to negotiate a favorable plea and should have considered entering a no-contest plea "which would preserve Mr. Mohamed's defenses and would allow plea bargaining." The Court cannot discern the meaning of Mr. Mohamed's argument. Mr. Mohamed's advisory Sentencing Guidelines range was 70 to 87 months' imprisonment. He benefited from reductions for acceptance of responsibility in his total offense level, or his guideline range would have been higher. The Government also agreed to dismiss counts one and two of the indictment as part of the plea agreement. At sentencing, Mr. Mohamed received a *significantly* below guidelines sentence of 36 months' imprisonment. In light of this record, the Court finds that Mr. Mohamed has not alleged sufficient facts for the Court to determine his argument, let alone find that his counsel's conduct was deficient.

**B. Mr. Mohamed's Counsel was Not Ineffective for Failing to File a Notice of Appeal.**

Mr. Mohamed alleges his defense counsel was ineffective for failing to file an appeal. Trial counsel's failure to file an appeal when directed to do so by a defendant is per se ineffective assistance of counsel, regardless of the likely outcome of the appeal. Garza v. Idaho, 139 S. Ct. 738, 739 (2019). Here, however, Mr. Mohamed does not allege that he asked counsel to file an appeal. Mr. Mohamed's memorandum only states that "the record fails to conclusively establish that Mohamed did not instruct Amero to file a notice of appeal." Memo at 19 (d/e 53). However, the record could never conclusively show that Mr. Mohamed had not asked his counsel to file an appeal. If Mr. Mohamed had made a request, it would almost certainly have been made outside the records of the case. Mr. Mohamed needed to allege the opposite—that he did ask defense counsel to file an appeal. Without the inclusion of this meager allegation, the Court finds that Mr. Mohamed has, again, not alleged any facts that, if true, would qualify him for relief. His claim is, therefore, denied.

## IV. EVIDENTIARY HEARING

Mr. Mohamed has asked for an evidentiary hearing. An evidentiary hearing is not always necessary in § 2255 cases. See Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001). However, "[a] hearing is required unless the record conclusively shows that the movant is not entitled to relief." Hicks v. United States, 886 F.3d 648, 650 (7th Cir. 2018); 8 U.S.C. § 2255(b). Here, no hearing is necessary because, while Mr. Mohamed has recited at length the law surrounding ineffective assistance of counsel claims, his motion is devoid of any facts that, if true, would entitle him to relief.

## V. CERTIFICATE OF APPEALABILITY

If Mr. Mohamed seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds, a

certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim and about whether the procedural ruling was correct. Flores-Ramirez v. Foster, 811 F.3d 861, 865 (7th Cir. 2016) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Here, the Court does not find that reasonable jurists could disagree that Mr. Mohamed's claims of ineffective assistance of counsel are meritless. Accordingly, the Court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, Petitioner Abdu Saleh Mohamed's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (d/e 52) is DENIED. The Court DECLINES to issue a certificate of appealability. The Clerk is DIRECTED to enter the Judgment in favor of Respondent and to CLOSE administrative case number 21-cv-3127.

**ENTERED: August 20, 2021**

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE